**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEE DODSON, | No. 15-55678 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-03733-JFW-AGR |
| v. | |
| FEDEX CORPORATE SERVICES, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted February 14, 2017**
Pasadena, California

Before:  M. SMITH and OWENS, Circuit Judges, and HELLERSTEIN,*** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

Lee Dodson appeals from the district court's summary judgment order in her employment action against FedEx Corp. alleging age discrimination and retaliation in violation of the California Fair Employment and Housing Act ("FEHA"). As the parties are familiar with the facts, we do not recount them here. We affirm.

**I. Age Discrimination Claim.**

Under the FEHA, a plaintiff can establish an age discrimination claim through circumstantial evidence when (1) the plaintiff shows a prima facie case of discrimination; (2) the employer offers a legitimate reason for its actions; and (3) the plaintiff proves that this reason was pretext to mask an illegal motive. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973); *Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1113 (Cal. 2000). A prima facie case must show that the plaintiff (1) was a member of a protected class; (2) was qualified for the position she sought or was performing competently in the position she held; (3) suffered an adverse employment action, such as termination, demotion, or denial of an available job; and (4) there is some other circumstance which suggests discriminatory motive. *Guz*, 8 P.3d at 1113.

The amount of evidence required to make out a prima facie case is very low. *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994). Assuming Dodson has met the low burden required to establish a prima facie case for age

discrimination, she has not provided sufficient evidence to show that FedEx's legitimate, non-discriminatory reasons for not promoting her were pretext.

### A. FedEx's legitimate, non-discriminatory reason for the adverse actions.

Once a plaintiff establishes a prima facie case for discrimination, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse action. *McDonnell Douglas*, 411 U.S. at 802. With respect to Dodson's claim of discrimination regarding the first adverse action of not being promoted to the Sales Executive position, FedEx argues that Dodson was not promoted because she was unqualified. Dodson's manager, Andy Hahn, did not believe that she had met the "Role Model and Leadership Initiatives" requirements for a promotion detailed in FedEx's "Business Sales & Support Promotional Guidelines for Sales Executive" document. In addition, Hahn did not believe that Dodson was able to deal with "the stress and complexities within [FedEx's] corporate environment" because on several occasions he had to get involved to help her with strategic pricing, or a bulk order, or a customer complaint. Hahn also testified that Dodson was late on updating a "Pipeline Management" report three or four times and that he had to help her with a simple task of updating an Excel spreadsheet.

With respect to Dodson's claim of discrimination regarding the second

3

adverse action of not being offered a position in California after her office closed, FedEx argues that Dodson performed poorly in interviews. FedEx argues that in her panel interviews, Dodson earned scores of 10, 12, and 10 with the possibility of earning up to 30 points from each panelist. This is a sufficient basis for not granting her the placement she wanted.

FedEx provided multiple specific examples of Dodson's areas for improvement in job performance and subpar interview performance. FedEx thus articulated a legitimate, non-discriminatory reason for not promoting her to Sales Executive or offering her a promotional placement in California.

**B. Dodson failed to establish pretext**.

Once a plaintiff has established a prima facie case for discrimination and the employer offers legitimate non-discriminatory reasons for the adverse action, the presumption of discrimination established by the prima facie case "drops out of the picture." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993). The plaintiff must then demonstrate pretext through direct evidence or circumstantial evidence showing that the employer's explanation is internally inconsistent or otherwise not believable. *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1127 (9th Cir. 2000).

4

Dodson relies on her own testimony that younger employees were treated more favorably and promoted over her to establish that FedEx's explanation for not promoting her was pretextual. Dodson testified she had "more experience working with clients and had seniority, so [she] believe[d] her performance was better." Dodson incorrectly equates experience and seniority with qualification for a promotion. There is no evidence in the record as to what these employees' job duties were, how they performed, or whether they needed the same extra supervision as Dodson. *See Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003) (holding that co-workers were not similarly situated because they had not engaged in the same problematic conduct as plaintiff). Thus, Dodson did not meet her burden to show that FedEx's reason for not promoting her to Sales Executive was pretext.

With respect to the second adverse action Dodson complains of, there is very little evidence in the record about how the decisions about relocating employees in the El Segundo office were made. It is Dodson's burden to show that FedEx's proffered explanation for the adverse action "is unworthy of credence because it is internally inconsistent or otherwise not believable." *Chuang*, 225 F.3d at 1127 (citation and internal quotation marks omitted). She failed to meet that burden

when she did not provide substantial evidence that younger and equally qualified employees were promoted within California over her.

Accordingly, the district court properly granted summary judgment on Dodson's age discrimination claim.

## II. Retaliation Claim

Dodson claims that after she filed a charge with California's Department of Fair Employment and Housing ("DFEH"), FedEx retaliated against her by not offering her a position in California after the El Segundo office was dissolved. To establish a prima facie case of retaliation in violation of the FEHA, a plaintiff must show that (1) she engaged in a protected activity; (2) she suffered an adverse action; and (3) there was a causal relationship between the two. *See Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1130 (Cal. 2005).

Dodson engaged in a protected activity when she filed an administrative charge with DFEH. Cal. Gov't Code § 12940(h). Dodson suffered an adverse action when the El Segundo office closed and all of her colleagues who requested it were offered new positions in California, while she was only offered a position if she moved to Phoenix, Pittsburgh, Dallas, or Memphis. But there is not enough evidence in the record to show that these events were causally connected. Dodson filed her complaint in March 2014 and the El Segundo office closed in August

2014. Timing alone cannot support an inference of causality here, especially when there is no other information available about how those hiring decisions were made, or whether Dodson's colleagues were given more favorable placements because they were more qualified.

Thus, Dodson has failed to make out a prima facie case for retaliation. Moreover, even if Dodson had established a prima facie case for retaliation, she has not provided sufficient evidence to show that FedEx's legitimate, non-retaliatory reasons for not offering her a promotion in California were pretext. Accordingly, the district court properly granted summary judgment on Dodson's retaliation claim.

**AFFIRMED.**